UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEATRICE FLEMING | CIVIL ACTION |
| VERSUS | NO: 09-10 |
| GARDA SECURITY | SECTION: J(3) |

## ORDER AND REASONS

Before the court is Defendant Garda Security's **Motion for Partial Dismissal of Plaintiff's Second Amended and Supplemental Complaint (Rec. Doc. 43)** and supporting memoranda, as well as Plaintiff's **Response in Opposition to the Motion (Rec. Doc. 45).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff, a former security guard for Garda Security ("Defendant"), alleges that while working for Defendant, she was discriminated against because of her sex and retaliated against for alleging discriminatory conduct. Plaintiff filed her first Charge of Discrimination with the EEOC on April 15, 2008. She received a right to sue letter on October 30, 2008 and filed a complaint in this Court against her supervisors, Jeff Keels, Ms. Becnel, and Mr. Haynes on January 26, 2009. Count 1 of this complaint included numerous allegations of discrimination and Count 2 alleged retaliation against Plaintiff by her supervisors. On April 20, 2009, Defendant filed a motion seeking dismissal of the retaliation claims in the original complaint. The court granted this motion, dismissing Count 2 of the original complaint

with prejudice.

On November 4, 2009, Plaintiff filed a second charge of discrimination with the EEOC in which she alleged supervisory retaliation. The EEOC issued plaintiff a right to sue letter on January 14, 2010, and on April 14, 2010, Plaintiff filed a second amended complaint ("SAC"). Count 1 of the SAC includes general allegations of discrimination; Count 2 re-alleges the claims that were dismissed with prejudice in the original complaint; and Count 3 alleges the supervisory retaliation. Defendant has now filed the current motion in which he asks this Court for partial dismissal of the SAC.

## **PARTIES' ARGUMENTS**

Defendant argues that Counts 1, 2, and 3 should be dismissed from the SAC. In regards to Count 1, Defendant argues for dismissal of the allegations that occurred prior to June 20, 2007, because according to Defendant, those allegations occurred more than 300 days before Plaintiff filed her first charge of discrimination and are therefore barred under 42 U.S.C. § 2000e-5(e)(1).

Defendant argues that Count 2 of the SAC should be dismissed because this court has already dismissed that claim with prejudice. Plaintiff concedes this argument. Finally, Defendant argues that Count 3, the "Supervisory Retaliation" claim, should be dismissed pursuant to Rule 12(b)(6) for failure to state a

2

claim because Plaintiff has failed to state enough facts to allow the court to conclude that it is plausible that she is entitled to relief. Specifically, Defendant argues that Plaintiff has failed to sufficiently claim that she was engaged in protected activity or that she was subjected to an adverse employment action, both or which are required for a Title VII retaliation claim.

Plaintiff, on the other hand, argues that the "300 day rule" is inapplicable to this matter because she is alleging a pattern of harassment over a period of time. According to Plaintiff, although some of the events may have taken place prior to June 2007, those events are part of the ongoing harassment she suffered and are therefore not barred by the rule.

Additionally, Plaintiff asserts that her "Supervisory Retaliation" claim should not be dismissed pursuant to Rule 12(b)(6). Plaintiff states she was engaged in protected activity at the time of the alleged retaliaton because she had previously sought relief from within the company regarding the alleged discriminatory acts prior to filing the EEOC complaint. Further, in response to Defendant's claim that Plaintiff has failed to state sufficient facts regarding whether she was subjected to an adverse employment action, Plaintiff argues that an adverse employment action is no longer required to state a cause of action for retaliation. She alleges that she only needs to show

3

that Defendant's actions would have dissuaded a reasonable worker from filing an EEOC charge of discrimination. Plaintiff therefore believes her retaliation claim should not be dismissed.

## DISCUSSION

### *Claims Arising Prior to June 20, 2007*

It is undisputed that an employee must file her charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1); <u>Hartz v. Administrators of Tulane Educ. Fund</u>, 275 Fed. Appx. 281, 287 (5th Cir. 2008). If the employee fails to submit a timely EEOC charge, the employee may not challenge the alleged discriminatory conduct in court. <u>Id</u>; <u>see</u> <u>also</u> <u>Zipes v. Trans World Airline, Inc.</u>, 455 U.S. 385 (1982). Although discrete discriminatory acts start a "new clock for filing charges alleging [each] act," the nature of hostile environment claims as involving repeated conduct make them different in kind from claims based on discrete actions. <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113-15 (2002). Therefore, hostile work environment claims are based on the cumulative effect of single acts of harassment that may not on their own be individually actionable. <u>Id</u>.

Plaintiff filed her first charge of discrimination with the EEOC on April 15, 2008. Therefore, the complaint can only apply to any alleged discriminatory conduct taking place on or after June 20, 2007 (300 days prior to the filing of the EEOC

Complaint), unless she alleges a pattern of harassment that began before that date. In her complaint, Plaintiff alleges that on or about November 28, 2006, her supervisor, Keels, made a sexually offensive remark to her. She states that "after this remark," he made more offensive remarks. Plaintiff then states these remarks "stopped and he did not do anything at all until September 2007."

Plaintiff argues that this language indicates that the remarks occurred some unspecified time after November 28, 2006 and stopped at sometime before September 2007. Plaintiff argues that this establishes a basis for ongoing harassment because she does not allege that Keel's conduct constituted discrete acts. Plaintiff then acknowledges that the acts need to be numerous and close enough in time over the course of the ten-month gap.

If Defendant harassed Plaintiff on an on-going basis from November 28, 2006 through June 20, 2007, then his November 28, 2006 remarks can be considered part of her harassment claims. Plaintiff essentially alleges that after the November 28, 2006 remark, Defendant made more offensive remarks. This language makes it difficult to determine whether the sexually offensive remarks continued for a period of time after November 28, 2006 and ceased after June 20, 2007, or whether the additional remarks ceased prior to June 2007. If the former is true, it is plausible that Plaintiff has a valid retaliatory claim for the harassment that allegedly started on November 28, 2006.

5

Therefore, this Court will not dismiss Count 1 of Plainiff's amended complaint. Instead, this Court will allow Plaintiff to amend her complaint to clarify whether the remarks were in fact on-going.

### *The Supervisory Retaliation Claim*

Plaintiff claims that there is no longer a need to show an adverse employment action to establish a prima facie case of retaliation and that she only needs to show that Defendant's actions would have dissuaded a reasonable worker from filing an EEOC charge of discrimination. However, as stated in Steward v. Mississippi Transportation Commission, 586 F.3d 321, 331 (5th Cir. 2009), to establish her prima facie case, Plaintiff must show that (1) she engaged in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action. Id. The employment action must *also* be "materially adverse," i.e., one that would "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." Id. (citing Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)). Therefore, "[e]ven when an adverse action is intended by the employer as retaliation, it must still satisfy this materiality standard." Steward, 586 F.3d at 331.

In Steward, the Fifth Circuit held that neither an employee being chastised and ostracized by her superiors and co-workers, nor the changing locks on an employee's office and denying her permission to close her door, constituted a materially adverse action. Id. at 332. The court further stated Title VII does not protect employees against petty slights, minor annoyances, and simple lack of good manners. Id; see also Peters v. Harrah's New Orleans, 418 F.Supp.2d 843, 848 (E.D. La. 2006) (stating written warnings were not enough for prohibited retaliative conduct). Instead, Title VII only protects ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating. Fierros v. Tex. Dep't of Health, 274 F.3d 187, 191 (5th Cir. 2001); see also Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998) (stating the broad Supreme Court definition of "tangible employment action" requires "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"); Faragher v. City of Boca Raton, 524 U.S. 775, 790 (1998) (stating that tangible employment actions include "hiring, firing, promotion, compensation, and work assignment").

This court finds that, even assuming the veracity of the facts as Plaintiff asserts them, no material employment action took place. Keels allegedly sped into the parking lot where

7

Plaintiff worked, sat in his car, and shined his headlights into Plaintiff's guard building while Plaintiff was working as a night guard.  This alleged set of facts is more akin to those found to be petty slights and minor annoyances rather than those actions described as materially adverse employment actions.  Therefore, Defendant is correct in arguing that Plaintiff's supervisor retaliation claims should be dismissed.

Accordingly, Defendant Garda Security's **Motion for Partial Dismissal of Plaintiff's Second Amended and Supplemental Complaint (Rec. Doc. 43)** is hereby partially **GRANTED**.  Plaintiff is **ORDERED** to amend Count 1 of her complaint, within 15 days from the date of this order, to clarify the time-line regarding Keels' offensive remarks which began on or about November 28, 2006.  **IT IS FURTHER ORDERED** that Counts 2 and 3 of Plaintiff's Second Amended and Supplemental Complaint be dismissed with prejudice.

New Orleans, Louisiana, this 23rd day of   June  , 2010.

_____
United States District Judge