```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


FLEMING                                    CIVIL ACTION

VERSUS                                     NO: 09-10

GARDA SECURITY, ET. AL.                    SECTION: J(3)
```

**ORDER AND REASONS**

Before the Court are Defendant Garda Security's **Renewed Motion for Partial Dismissal of the Second Amended Complaint and for Attorneys' Fees (Rec. Doc. 62)**, Plaintiff Beatrice Fleming's **Motion in Opposition (Rec. Doc. 67)**, and Defendant Garda Security's **Reply to Plaintiff's Opposition (Rec. Doc. 71)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff, a former security guard for Garda Security ("Defendant"), alleges that while working for Defendant, she was discriminated against because of her sex. Plaintiff filed her first Charge of Discrimination with the EEOC on April 15, 2008. She received a right to sue letter on October 30, 2008, and filed a complaint in this Court against her supervisors, Jeff Keels, Ms. Becnel, and Mr. Haynes, on January 26, 2009.

In Count 1 of her original complaint, Plaintiff made allegations of discriminatory conduct that occurred prior to June 20, 2007, the 300-day period preceding the first Charge of

1

Discrimination that she filed with the EEOC.  She alleged that Jeff Keels made discriminatory remarks to her on November 28, 2006, and then "he did not do anything at all until September 2007 when [Plaintiff] was temporarily assigned to Destrehan."  Original Complaint, Paragraph 4.  Count 2 of the original complaint alleged retaliation against Plaintiff by her supervisors.

Because Plaintiff specifically described a substantial gap in time between the alleged discriminatory conduct of November 28, 2006, and conduct occurring after September 2007, Defendant moved on April 20, 2010, to dismiss any claims based on alleged conduct occurring prior to June 20, 2007.  Defendant also sought dismissal of Plaintiff's retaliation claim in Count 2 of the original complaint.  On June 17, 2009, the Court dismissed Count 2 of the original complaint with prejudice (Plaintiff's retaliation claim) but remained silent on Defendant's motion to dismiss any claims arising out of alleged acts prior to June 20, 2007.

On November 4, 2009, Plaintiff filed a second charge of discrimination with the EEOC in which she alleged supervisory retaliation.  The EEOC issued Plaintiff a right to sue letter on January 14, 2010, and on April 14, 2010, Plaintiff filed a second

amended complaint ("SAC").  Plaintiff's SAC re-alleged all of the claims in the original complaint (including those previously dismissed by the Court) and added Count 3, which alleged supervisory retaliation.

On May 5, 2010, Defendant moved to partially dismiss Plaintiff's SAC, including any claims based on alleged conduct that occurred prior to June 20, 2007, the previously dismissed retaliation claim in Count 2, and the newly-added supervisory retaliation claim in Count 3.  The Court dismissed Counts 2 and 3 of the SAC, but it permitted Plaintiff to amend Count 1 to clarify whether the discriminatory remarks made by Jeff Keels on November 28, 2006, were on-going.  The Court held that the allegations in the SAC made it difficult to determine whether the sexually offensive remarks continued for a period after November 28, 2006, and ceased after June 2007, or whether the additional remarks ceased prior to June 2007.

On August 9, 2010, Plaintiff filed a Third Amended Complaint ("TAC").  Although Plaintiff's prior complaints and pleadings did not allege that any discriminatory conduct occurred between November 28, 2006, and September 2007, her TAC alleged that during this time Jeff Keels "would regularly come into the guard shack 3-4 times per week before shift change, grab his crotch,

3

sit on a stool, cross one leg over the other at the knee, and aim his crotch at [Plaintiff]". Third Amended and Supplemental Complaint, Paragraph 4.

Defendant moved to partially dismiss Plaintiff's TAC on August 27, 2010, to bar any claims based on alleged conduct that occurred prior to June 20, 2007. Plaintiff did not oppose this motion to dismiss and further stated her intention to proceed on the remaining provisions of the SAC (Count 1). On September 23, 2010, the Court granted Defendant's unopposed motion to dismiss Plaintiff's TAC, and the case proceeded on the SAC.

Because Count 1 of the SAC contains the original time-line of discriminatory events for which the Court previously requested clarification, Defendant has filed its Renewed Motion for Partial Dismissal of the Second Amended Complaint and for Attorneys' Fees (Rec. Doc. 62). Plaintiff, in her Response in Opposition to the Motion (Rec. Doc. 67), does not oppose the motion to dismiss the SAC, but she does oppose the motion for attorneys' fees.

## THE PARTIES' ARGUMENTS

**Defendant's Renewed Motion for Partial Dismissal of the Second Amended Complaint and for Attorneys' Fees (Rec. Doc. 62)**

In its Renewed Motion for Partial Dismissal of the Second Amended Complaint and for Attorneys' Fees (Rec. Doc. 62),

Defendant argues that the remaining Count 1 of Plaintiff's SAC should be dismissed.  By withdrawing the TAC—the pleading that was intended to clarify the time-line of discriminatory events as requested by the Court—and seeking to proceed on the SAC, Plaintiff has reverted to the original time-line of events that fails to demonstrate that the alleged discriminatory acts of November 28, 2006, were ongoing.  Defendant argues that any claims based on alleged conduct prior to June 20, 2007, should be dismissed in accordance with its previous motion to dismiss the SAC on May 5, 2010.  In its Reply Memorandum (Rec. Doc. 71), Defendant reiterates that its renewed motion to dismiss the SAC is unopposed by Plaintiff.

In addressing its Motion for Attorneys' Fees (Rec. Doc. 62), Defendant relies on Title 28, United States Code, Section 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (2010).  In support of its motion, Defendant cites the Fifth Circuit Court of Appeals opinion of <u>Edwards v. General Motors Corp.</u>, in which the court imposed attorneys' fees

on a plaintiff who decided to no longer pursue her employment discrimination claim but proceeded to allow the defendant to continue preparing for trial, including requesting extensions of time and filing witness and exhibit lists.  153 F.3d 242, 244-45 (5th Cir. 1998).  Defendant states that it spent a total of thirty-five hours conducting legal research and drafting its motion for partial dismissal of Plaintiff's TAC—a complaint that Defendant claims Plaintiff knew had no merit since it was later withdrawn.  Defendant seeks compensation for these thirty-five hours of work.

**Plaintiff's Motion in Opposition (Rec. Doc. 67)**

Plaintiff states in its Motion in Opposition (Rec. Doc. 67) that she does not oppose Defendant's Renewed Motion for Partial Dismissal of the Second Amended Complaint (Rec. Doc. 62), but that she does oppose Defendant's Motion for Attorneys' Fees (Rec. Doc. 62).  Plaintiff's counsel states that he previously tried to withdraw from the case and that his client's psychiatric injuries from the discrimination made it difficult to finalize the chronology of discriminatory events that were included in the TAC.

Plaintiff relies on a Fifth Circuit opinion for the proposition that "[s]anctions under 28 U.S.C. § 1927 are

punitive in nature and require 'clear and convincing evidence, that *every facet* of the litigation is patently meritless' and 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" Bryant v. Military Dep't of Miss., 597 F.3d 678, 694 (5th Cir. 2010) (quoting Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525-26 (5th Cir. 2002) (emphasis in original)).  Based on this standard, Plaintiff argues that Defendant has not met its burden of proof.  In the alternative, Plaintiff offers two arguments: Defendant failed to fulfill its duty to mitigate, and thirty-five hours of research is an unreasonable amount of time to spend researching the issues presented in the TAC.

**Defendant's Reply to Plaintiff's Opposition (Rec. Doc. 71)**

Defendant reiterates in its Reply to Plaintiff's Opposition (Rec. Doc. 71) that it has met its burden of proof under Section 1927 and that the thirty-five hours of researching and drafting are reasonable.  Defendant states that Plaintiff's counsel knew that the facts in the TAC were very different from those stated in the SAC.  He also knew that his client had psychiatric injuries that could affect her memory of events.  According to Defendant, these actions demonstrate Plaintiff's counsel's disregard for his duty owed to the Court.  Moreover, Defendant

argues that Plaintiff's counsel's attempt to withdraw is irrelevant, his argument regarding the duty to mitigate is unsupported by law, and the thirty-five hours spent opposing the TAC are reasonable.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all

reasonable inferences in favor of the plaintiff. <u>Lormand v. U.S. Unwired, Inc.</u>, 565 F.3d 228, 232-33 (5th Cir. 2009); <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996). The Court is not, however, bound to accept as true legal conclusions couched as factual allegations. <u>Iqbal</u>, 129 S.Ct. at 1949-50.

Here, Plaintiff states in its Motion in Opposition (Rec. Doc. 67) that she does not oppose Defendant's Renewed Motion for Partial Dismissal of the Second Amended Complaint (Rec. Doc. 62). Furthermore, it appearing to the Court that the motion has merit, Defendant's Renewed Motion for Partial Dismissal of the Second Amended Complaint (Rec. Doc. 62) should be granted. Thus, the standard for granting a Rule 12(b)(6) motion to dismiss does not need to be addressed.

Regarding Defendant's Motion for Attorneys' Fees (Rec. Doc. 62), Section 1927 states that, in order to recover attorneys' fees from Plaintiff's counsel, Defendant must show that Plaintiff's counsel multiplied the proceedings in the case "unreasonably and vexatiously." 28 U.S.C. § 1927 (2010). This means that sanctions under Section 1927 are predicated on actions that are both "unreasonable" *and* "vexatious." <u>Edwards v. General Motors Corp.</u>, 153 F.3d 242, 246 (5th Cir. 1998). Moreover, given the punitive nature of Section 1927, the

provision must be strictly construed.  Id.

Based on this standard, Defendant has not met its burden of proving that Plaintiff's counsel's actions in filing the TAC were unreasonable and vexatious.  While Plaintiff's counsel's actions may have been annoying, Defendant has failed to prove how those actions were vexatious, especially in light of the more vexatious actions of the plaintiff in the Edwards opinion, upon which Defendant relies.  Id. at 244-45.  Because Defendant has not met its burden of proving that it is entitled to attorneys' fees, the amount of those fees is irrelevant.

Accordingly, **IT IS ORDERED** that Defendant's **Renewed Motion for Partial Dismissal of the Second Amended Complaint and for Attorneys' Fees (Rec. Doc. 62)** is hereby **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** with regards to the dismissal of Plaintiff's SAC, but it is **DENIED** with regards to Defendant's request for attorneys' fees.

New Orleans, Louisiana, this 14th day of December, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE